IxBARRY, Judge.
The Schumacher Law Corporation (Schu-macher) sued for legal fees and costs under a contingency contract. The trial court ruled that Schumacher was entitled to legal fees, but the amount claimed under the alleged contract was excessive. Schumacher appeals. We affirm.

Facts

On March 19, 1990 Ms. Elizabeth Taylor’s estranged husband, Michael Gray, assaulted and seriously injured her at their home in Colorado. Mrs. Carol Taylor, Liz’s mother, travelled from New Orleans to Colorado. Mrs. Taylor testified that Carl Schumacher, a cousin and part owner of Schumacher Law Corporation, travelled to Colorado to offer support. Mrs. Taylor was appointed legal guardian while her daughter was incapacitated.
On April 25, 1990 Mrs. Taylor (as legal guardian for her daughter and grandchildren) and Carl Schumacher executed a contingent fee contract to retain the Schumacher’s law firm:
... as their attorneys regarding all claims arising from Elizabeth’s marriage to Michael Gray and from the incident on or about March 19, 1990 ... and Schumacher Law Corporation, Ltd. agrees to represent the clients in these legal matters on the schedule of fees and charges_ [Emphasis added.]
The contract provides a 25% contingency fee if recovery is made before suit is filed; 331/3% for recovery after suit; 40% if there is an appeal.
Carl and David Schumacher, Carl’s son and law partner, envisioned three aspects of the case: the domestic case between Ms. Taylor and Michael Gray; the personal injury claim against Gray; and the criminal case against Gray. Carl testified that when the contingent fee contract was executed he explained to Mrs. Taylor that the domestic case would be billed at a reduced rate of $75.00 per hour, and the personal injury case would be on contingency. Mrs. Taylor disagreed. Carl testified that he decided in February 1991 that services for the criminal matter would be split between the domestic and personal injury claims. The separate arrangement for domestic and criminal work was not documented.
In June 1990 Ms. Taylor signed the contingent contract although her mother remained her legal guardian. David Schumacher testified that he explained the personal injury case would be on a contingency fee and the domestic case by an hourly fee. Ms. Taylor said David never explained the arrangement and testified that she believed Schumacher’s role was limited to securing Colorado counsel.
Neither Carl nor David Schumacher was licensed to practice law in Colorado. The prosecution of Michael Gray was handled by the district attorney in Colorado.[1]
The record establishes that Schumacher was instrumental in securing local counsel for Ms. Taylor. The Denver firm Sherman & Howard agreed to represent Ms. Taylor in the domestic case but postponed whether to work on the personal Iginjury case. A deposition of Michael Williams, attorney with Sherman & Howard, states their engagement letter was drafted in August 1990. Correspondence establishes Sherman & Howard refused Carl Schumacher’s proposal to share a contingency fee in the personal injury case. Williams stated that he believed there was a conflict of interest to represent Ms. Taylor in the personal injury case on contingency and in the domestic case on an hourly basis due to the overlap of services. An October 6, *1123 1990 letter from Williams to David Schu-macher assumed that as of that date Sherman & Howard represented Ms. Taylor in the domestic matter on an hourly basis and Schumacher represented her in the personal injury ease under the contingency contract.
On November 12, 1990 Carl wrote to Williams and requested that Williams pursue a global settlement of all claims but that he segregate the domestic from the personal injury. That letter states, ‘Your hourly fee for this service is acceptable.” However, David Schumacher testified Schumacher did not intend to pay Sherman & Howard’s fee to negotiate the global settlement that included the personal injury claim.
Settlement negotiations proceeded. Williams stated in his deposition that Schu-macher did not participate in negotiations for the global settlement but he did provide (unspecified) information from New Orleans. A March 1, 1991 letter from Carl Schumacher to Ms. Taylor recommended against a proposed settlement for over $1,600,000, but he accepted the “very undervalued” $500,000— $600,000 attributed to the personal injury claim for purposes of the contingency contract.
David Schumacher was admitted to the Colorado Bar in early 1991 and filed the tort claim before the statute of limitations expired March 19, 1991. Shortly | thereafter Sherman & Howard finalized the $1,600,000 global settlement of all claims, both domestic and personal injury.
Schumacher claimed 25% of $550,000, the amount which Schumacher attributed to the personal injury portion of the settlement, $30,000 for the domestic case, plus costs. Liz tendered $80,000 for Schumacher’s fees and costs. Schumacher refused the tender and filed suit.
The petition prays for $137,500 under the contingent fee contract for the personal injury case, $30,000 for the domestic case, and $11,030.92 for costs.
The trial court rendered judgment for Schumacher and awarded:
Legal fees: $50,000.00
Expenses: 12,966.45
Reimbursement for fees to 2,500.00 Co-counsel:
The court found: 1) the fee arrangement was not clearly explained to Ms. Taylor or her mother; there was no written contract distinguishing the personal injury contingency from the domestic hourly, the hourly rate for the domestic ease was not documented until October 1990, and no time sheets were kept; 2) Schumacher’s acceptance of the personal injury case on a contingency and the domestic case on an hourly basis presented a conflict of interest; 3) the fees charged by Schumacher were excessive and unreasonable; 4) $50,000 is a fair and reasonable sum.
Schumacher’s appeal contends that each finding is erroneous and, if this Court finds Schumacher is entitled to the amount alleged, then attorney fees for this litigation should be awarded under La.R.S. 9:2781.[2]

_J6Excessive and Unreasonable Fee

The trial court concluded that the fee arrangement was not explained to the Taylors, and simultaneous representation on related cases under different billing systems created a conflict of interest. However, the determinative issue is the reasonableness of the fee. The trial court’s finding that the fee is excessive and unreasonable was not clearly erroneous.
Rule 1.5 of the Rules of Professional Conduct, La.R.S. 37, Ch. 4 App., Art. 16 prohibits an excessive fee and provides factors to determine the reasonableness of a fee: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to properly perform the legal service; (2) the likelihood, if apparent to the client, that other employment by the lawyer will be precluded; (3) the customary fee in the locality for similar legal services; (4) the amount involved and the results obtained; (5) time limitations imposed by the client or *1124 circumstances; (6) the nature and length of the professional relationship with the client; (7) the attorney’s experience, reputation, and ability; and (8) whether the fee is fixed or contingent.[3]
The prohibition against a clearly excessive fee cannot be abrogated by a contingent fee contract. Watson v. Cook, 616 So.2d 803 (La.App.2d Cir.1993), writs den. 619 So.2d 579 (La.1993), which held a contingent fee unreasonable where most of the work had already been performed for other clients in the same litigation.
The trial court’s award should not be modified absent an abuse of discretion. Cf. Sims v. Selvage, 499 So.2d 325, 329 (La.App. 1st Cir.1986), writ not considered 503 So.2d 7 (La.1987), which considered a trial court’s award of attorney fees following the attorney’s discharge.
Carl and David Schumacher testified they did not maintain time sheets, and the record does not contain a time sheet or billing memo. David Schumacher testified that between February 27 and March 6, 1991 he compiled a summary of the services performed, estimated 900 — 1000 hours of work, and attributed approximately 400 hours to the domestic case. That summary (in evidence) does not specify time for each service or identify which service benefited the domestic, personal injury, or criminal case. The alleged summary and David Schumacher’s testimony show considerable overlap of the domestic, personal injury and criminal matters. Carl Schumacher testified that the criminal matter permeated the domestic and personal injury cases.
The testimony establishes that Ms. Taylor was represented in the domestic case by Colorado counsel, Tom Malone, pre-dating the assault until he was dismissed on June 29,1990. David Schumacher’s testimony and the summary of services claim Schumacher investigated the facts, interviewed potential witnesses, and sought information. However, Schumacher did not provide legal services in Colorado, where Carl and David were not licensed to practice law. After the Sherman & Howard firm was retained as local counsel, Schumacher’s involvement consisted of monitoring the domestic case and investigating the possibility of a tort action against Michael Gray’s father (for failure to warn Ms. Taylor of the attack).
David Schumacher testified that he and Carl investigated the criminal case against Michael Gray and assisted the prosecutor. Schumacher does not dispute that the criminal case was competently prosecuted by the district attorney, and bGray pled guilty before Carl or David Schumacher were admitted to practice in Colorado.
Carl and David Schumacher testified that the Gray family has considerable influence in Denver and the Schumachers spent substantial time trying to locate local counsel. The record supports that assertion but does not delineate the hours spent interviewing potential counsel.
The record does not disclose a novel or unusually difficult question of law in any of the claims. The testimony shows Michael Gray pled guilty and counsel for Schumacher acknowledged in oral argument that Gray had confessed to police at the time of the assault. That helped to establish liability in the personal injury case. The Gray family’s alleged influence in Colorado does not present a novel legal question.
Though the litigation involved a sizeable amount of money, the record indicates Sherman & Howard obtained the settlement. Schumacher transmitted unspecified information from New Orleans but did not participate in negotiations. Carl Schumacher requested that Williams negotiate the global settlement including the personal injury claim.
Williams stated that Schumacher did not aid the domestic litigation. Lily Appleman, an associate with Sherman & Howard, corroborated Williams’ testimony. Appleman’s deposition was admitted into evidence and stated that Schumacher did not appear at hearings, significantly participate in the domestic case, or draft settlement documents.
David Schumacher stated that he and Carl devoted considerable time to the Taylor mat *1125 ters. There is no evidence of the extent to which Schumacher was precluded from other employment. Carol and Liz Taylor knew Carl and David |8Schumacher were not licensed to practice law in Colorado and testified they believed Sherman & Howard would assume full representation.
The Schumacher’s assisted by investigating facts immediately after the assault and by securing local counsel to represent them in Colorado. However, there are no time sheets and billing memos. The domestic, personal injury and criminal aspects of the case clearly overlap. Colorado counsel Tom Malone represented Ms. Taylor in the domestic matter until he was dismissed on June 29, 1990. Sherman & Howard handled the domestic case from August 1990 to settlement. The global settlement was negotiated and finalized by Colorado counsel. The criminal prosecution of Michael Gray was handled by the district attorney’s office. Schumacher was not admitted to practice in Colorado until shortly before the settlement was finalized. Because of the Schumacher’s limited participation in the various matters which were primarily handled to conclusion by other counsel, the $50,000 award appears generous but was within the trial court’s discretion.
We pretermit the remaining assignments. The judgment is affirmed.

AFFIRMED.

. Gray was indicted and pled guilty in Colorado in December 1990.

. La.R.S. 9:2781 provides in pertinent part:
When a person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable ... for reasonable attorney fees for the prosecution and collection of such claim....

. Rule 1.5 also prohibits a contingent fee in a domestic matter.